IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

KRISTOPHER D. SAMPLE,

      Plaintiff,

vs.                                   No. 11-2136-STA-cgc

BARRY P. PHILLIPS, et al.,

      Defendants.

_____

ORDER DENYING LEAVE TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> ON APPEAL
AND
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

_____

      On February 18, 2011, Plaintiff Kristopher D. Sample, RNI number 307414, who is currently an inmate at the Shelby County Correction Center in Memphis, Tennessee, filed a <u>pro se</u> Complaint, accompanied by a motion seeking leave to proceed <u>in forma pauperis</u>. (ECF Nos. 1 & 2.) The Court issued an order on March 9, 2011, granting leave to proceed <u>in forma pauperis</u> and assessing the civil filing fee. (ECF No. 5.) On May 24, 2011, the Court dismissed the action for want of subject-matter jurisdiction, certified that an appeal would not be in good faith, and denied leave to proceed <u>in forma pauperis</u> on appeal. (ECF No. 7.) Judgment was entered on May 25, 2011. (ECF No. 8.) Plaintiff filed a notice of appeal on June

2, 2011. (ECF No. 9.) The case is pending before the Sixth Circuit Court of Appeals as case number 11-5724.

On June 6, 2011, Plaintiff filed a motion seeking leave to proceed in forma pauperis and appointment of counsel. (ECF No. 10.) In the previous order, the Court certified that an appeal would not be taken in good faith and denied leave to proceed in forma pauperis on appeal. (ECF No. 7 at 8-10.) For the reasons previously stated, the motion to proceed in forma pauperis is DENIED.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); see also Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . .") (1993). Appointment of counsel is "'a privilege that is justified only by exceptional circumstances.'" Lavado, 992 F.2d at 606 (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities

> of the plaintiff to represent himself." <u>Archie v. Christian</u>, 812 F.2d 250, 253 (5th Cir. 1987); <u>see also</u> <u>Poindexter v. FBI</u>, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." <u>Cookish v. Cunningham</u>, 787 F.2d 1, 3 (1st Cir. 1986).

<u>Id.</u> at 606.[1] Appointment of counsel is not appropriate when a <u>pro se</u> litigant's claims are frivolous or when his chances of success are extremely slim. <u>Id.</u> (citing <u>Mars v. Hanberry</u>, 752 F.2d 254, 256 (6th Cir. 1985)); <u>see also</u> <u>Cleary v. Mukasey</u>, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[2]

Appointment of counsel is inappropriate because the case has been dismissed for want of subject-matter jurisdiction. The motion for appointment of counsel is DENIED.

IT IS SO ORDERED this 30th day of September, 2011.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[1] A plaintiff is not entitled to an evidentiary hearing on the issue. <u>Sutton v. Small Bus. Admin.</u>, 92 F. App'x 112, 116 (6th Cir. 2003).

[2] These factors are important, because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. <u>Mallard v. United States Dist. Ct.</u>, 490 U.S. 296, 310 (1989).